OPINION OF THE COURT
Gerard E. Giannattasio, J.
Defendant Hoffman through counsel brings an omnibus motion requesting that the charges against him be dismissed because defendant’s rights to a speedy trial have been abridged. Defendant Lombardi also brings a motion through the same *319 counsel. The court has only pages one and three of the Lombardi motion.
Both the Hoffman and Lombardi cases will go forward in this court. The defendants therein have 30 days to acquire new counsel as their present defense counsel is an attorney employed by the town in which this village is entirely located. For the reasons set out below, an attorney employed in an official capacity as a lawyer by a town may not defend clients in the court of a village located entirely within the town which employs him or her as an attorney.
The court will first discuss speedy trial and second the New York law on compatibility of office, long settled since 1874, as it pertains to these cases.
I.
Speedy Trial
The Hoffman case will not be dismissed because time during which, through no fault of the court involved, the defendant had no counsel as well as the time spent in motion practice are not counted when computing the time limit for the People to be ready for trial. (CPL 30.30 [4].)
Since defendant Hoffman retained this counsel the court has been clogged with defendant’s technically minded motion practice while the People have been ready to proceed. Counsel is also engaged in motion practice in the Lombardi case.
This counsel makes a great deal of his defeat of the People of this village in the appeal of a previous similar action against defendant Hoffman which is in turn similar to the action against defendant Lombardi. In actual fact this victory was a default judgment against the village, on whose behalf the village attorney at the time did not file papers or appear, thus failing to pursue the case. We are talking about a period two mayoral administrations ago. Defendant’s appeal and Appellate Term’s decision coincided with a fiercely contested village election when the incumbent mayor did not seek reelection. The village attorney holding office in the last few months of that incumbent’s final term had replaced a long experienced public servant with perhaps some abruptness. Whatever the reason, the People might have been better served on appeal and, in any event, won at trial, their defeat on appeal being by inaction or omission on the part of public servants no longer in those offices and less than reflective of anything real about the case.
*320 ¡I.
Compatibility of Office
The counsel retained by defendants to represent them in this village court is employed as a town attorney. The village is located entirely within the town which employs this counsel officially as an attorney.
A person may serve simultaneously as town attorney and as attorney for a village located within the town (1992 Ops Atty Gen No. I 92-37; 1988 Ops Atty Gen No. I 88-31). Here the court is presented with a person holding an office in its town’s attorney’s office who is acting as defense attorney in the court of a village which is located entirely within the town which employs him or her. The question of compatibility of offices most naturally arises.
Unless there is a constitutional or statutory prohibition against dual office holding, the identical individual may hold two offices at the same time unless they are incompatible. New York’s leading case on compatibility of office is People ex rel. Ryan v Green (58 NY 295 [1874]). The Ryan court held that two offices are incompatible if one office is subordinate to the other or if they are inherently inconsistent.
While the common-law rule enunciated in the Ryan case is limited to public offices, the principle itself covers an office and an office, an office and a position of employment, or a position of employment and another position of employment (1988 Ops Atty Gen No. I 88-31). In the case at bar we have an office, that of an attorney employed by a town, and a position of employment, that of a common lawyer seeking to defend a client in a village court when the village in question is located entirely within the town which employs him or her as an attorney.
The taxpayers of a village located entirely within a town pay taxes to that town as well as their village and receive services from both. It is incompatible for a town attorney to practice in the defense in a court of a village located entirely within the town which employs him or her. The position of employment and office are incompatible because (1) an attorney as an officer of a court is subordinate to his or her public position as attorney to a municipality in which the court is located, and (2) the office and employment are inherently inconsistent in that citizens have a right to be vindicated in the expectation that an official will not in a private capacity strive against the laws, customs, and institutions he or she has sworn or affirmed to defend in his or her public persona.
*321 An attorney employed in an official capacity as a lawyer in a town may not defend clients in the court of a village located entirely within the town which employs him or her as an attorney.
Both cases are to go forward separately. Each defendant has 30 days to acquire new counsel or they may choose to proceed pro se by so informing the court in which case they will be given the next trial date.